# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| ZEALAND JAMAR ADAMS | * | CIVIL ACTION NO.  15-1971 |
| | | Section P |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| LT. LIVELY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion for summary judgment [doc. # 11] filed by defendants Lieutenant Cupp, Sergeant Dimmit, Lieutenant Lively and Captain Taylor (collectively "Defendants"). For reasons stated below, it is recommended that the motion [doc. # 11] be **GRANTED**.

## Procedural History

On June 28, 2014, Zeland Jamar Adams, an inmate housed at the Franklin Parish Detention Center ("FPDC"), filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against Lieutenant Cupp, Sergeant Dimmit, Lieutenant Lively and Captain Taylor. [doc. # 1]. He alleges that on June 28, 2014, he was the victim of excessive force at the hands of the named defendants. *Id.* at 4. He seeks damages totaling $5,500,000. *Id.* at 3.

Defendants filed the instant Motion for Summary Judgment on May 12, 2016. [doc. # 11]. They argue that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies prior to filing suit.[1]

---

[1] The court notes that plaintiff did not file an opposition to the motion for summary judgment, and thus, the motion is unopposed. *See* Notice of Motion Setting [doc. # 12].

**Law and Analysis**

I.       **Summary Judgment Standard**

Summary judgment is appropriate when the evidence before a court shows "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would

affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is

such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of 'the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The

moving party may meet its burden to demonstrate the absence of a genuine issue of material fact

by pointing out that the record contains no support for the non-moving party's claim." *Stahl v.*

*Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is

unable to identify anything in the record to support its claim, summary judgment is appropriate.

---

However, a non-movant's failure to oppose summary judgment does not mean that the court is
compelled to grant the motion out of hand. *Monroe v. Melder*, 247 F.3d 241 (5th Cir. 2001)
(unpubl.) (citation omitted). Rather, the movant still must discharge its burden of showing that
there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law.
*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534 (5th Cir. 1992) (unpubl.); *Alsobrook v. GMAC*
*Mortgage, L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013) (unpubl.). If the movant does not meet
its burden, then the court must deny the motion. *See John v. State of La. (Bd. of Trustees for*
*State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985).

*Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[2]

 In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond

---

[2] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor."

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must

affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*,

1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

a)      Law

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act

("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of

this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the

administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83 (2006)

(citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or

not. *Porter v. Nussle*,  534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002). "Proper exhaustion

requires that the prisoner not only pursue all available avenues of relief but also comply with all

administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th

Cir. 2009) (citing *Woodford, supra*). An untimely or otherwise procedurally defective

administrative grievance does not satisfy the exhaustion requirement. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." *Porter, supra* (citation omitted). An inmate is required to

---

[3]  I.e., beyond doubt.

"exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary."

*Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). In

addition, exhaustion applies to claims brought against defendants in their official and/or

individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v.

Texas*, 76 Fed. Appx. 564 (5th Cir. 2003).

The Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance

procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir.

2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954 (5th Cir. 2009)

(citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citation omitted).

Nonetheless, inmates should have "avenues for discovering the procedural rules governing their

grievances." *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (citations omitted). When an inmate

has no means of verifying the administrative grievance process, then misleading information by

prison officials may make remedies unavailable. *Id*. "If impediments to filing grievances render

remedies unavailable at one facility, remedies may become available again once a prisoner has

been transferred, unless there are other problems at the new facility." *Dillon*, 596 F.3d at 267-

268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008)). Stated another way, the

grievance filing period is tolled only so long as the inmate is actually impeded from invoking

and exhausting the process.

A prisoner is required to exhaust all steps of a grievance process even if the prison fails

to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. Appx. 497,

499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, Civ. Action No. 13-5732, 2014 WL 1457777

(E.D. La. Apr. 15, 2014). Moreover, to the extent that language on the form or policy regarding

subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps. *Ates, supra* (and cases cited therein). In short, the courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825, n. 6 (2001).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon*, 596 F.3d at 266. If the court considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving party is entitled to the protections of Rule 56. *Id.*

b)      The MPDC had an Available Administrative Remedy Procedure

The uncontroverted evidence establishes that the FPDC had a two step Administrative Remedy Procedure ("ARP") in effect during the relevant period. (Affidavit of Warden Chad Lee and Plaintiff's FPDC Administrative Remedy Procedure Form"ARP;" Defs. MSJ, Exhs. A & A-1). The first step requires an offender to complete an ARP grievance form and to give it to the assistant Warden. *Id.* If an offender is dissatisfied with the Step One response, the second step is to appeal to the Warden. *Id.*

c)      Adams Failed to Exhaust All Available Administrative Remedies

In support of their motion for summary judgment, Defendants adduced evidence that Plaintiff submitted an ARP form to the Assistant Warden and the Assistant Warden answered stating, "[a]fter investigation of this incident it was found that officer involved acted appropriately to the situation, and that there is no merit to your statement." (Affidavit of Warden Chad Lee and Plaintiff's FPDC Administrative Remedy Procedure Form"ARP;" Defs. MSJ, Exhs. A & A-1). Plaintiff never filed a second-step ARP to the Warden regarding the incident.

*Id.* As plaintiff did not file a response to defendants' motion, he necessarily did not produce any evidence to controvert defendants' showing. Moreover, "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on his allegations . . . to get to [trial] without any significant probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted).

d)      Remedy for Failure to Exhaust

The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure.[4] Dismissal is the remedy, and it is typically without prejudice. *See e.g., Plaisance v. Cain, supra*; *Cooper v. Quarterman*, 342 Fed. Appx. 12, 13 (5th Cir. 2009) (modifying dismissal for failure to exhaust to reflect that it was without prejudice).[5]

## Conclusion

Under these circumstances, the court is compelled to find that there is no genuine dispute as to any material fact and that movants are entitled to judgment as a matter of law dismissing plaintiff's claims for failure to exhaust administrative remedies. FED. R. CIV. P. 56(a) & (e)(3); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003) (unpubl.).

---

[4] *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 920 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

[5] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with an agency's deadlines and other critical procedural rules. *Woodford, supra*. At this point, plaintiff's delay effectively may foreclose his ability to properly exhaust available administrative remedies.

For the above-stated reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 11] filed by defendants, Lieutenant Cupp, Sergeant Dimmit, Lieutenant Lively and Captain Taylor, be GRANTED, and that plaintiff's claims against said defendants be DISMISSED, without prejudice. FED. R. CIV. P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of June 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE